## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BEVERLY LYNN BARROW, Personal Representative of the Estate of Olga Welch,[1] v. HERCULES REAL ESTATE SERVICES, INC., Defendant. | ) ) ) ) ) Civil Action No. 09-673 (EGS) ) ) ) ) ) ) |

## MEMORANDUM OPINION

Pending before the Court is plaintiff's motion to remand this case to the Superior Court for the District of Columbia ("D.C. Superior Court"). Upon consideration of plaintiff's motion, the responses and reply thereto, the applicable law, the entire record herein, and for the reasons stated below, this Court **GRANTS** plaintiff's motion for remand and **DENIES** plaintiff's request for attorneys fees and costs incurred in bringing this motion.

## I. BACKGROUND

Plaintiff Olga Welch filed this action in D.C. Superior Court against defendant Hercules Real Estate Services, Inc. ("Hercules") on March 18, 2009. The action arises from a lengthy landlord-tenant dispute regarding the care and maintenance of her

---

[1]     Pursuant to the Court's Minute Order dated June 8, 2009, Ms. Barrow, as the personal representative of the Estate of Olga Welch, was substituted as the plaintiff in this action.

two-bedroom apartment in northwest Washington, D.C. by
defendant.  Plaintiff's claims include breach of the implied
warranty of habitability, void lease, negligent infliction of
emotional distress, negligence and violations of housing
standards.  Plaintiff is seeking an unspecified amount of damages
and other relief.

On April 10, 2009, defendant filed a Notice or Removal in
this Court.  Defendant removed the action to this Court on the
basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.
*See* Docket No. 1, Notice of Removal.  The pending motion to
remand was filed on May 8, 2009.

The day after the case was removed, Ms. Welch, who was
eighty-eight years old at the time the suit was filed, died
(hereinafter "Ms. Welch" or "decedent").  On April 21, 2009,
plaintiff's counsel filed a statement with the Court noting the
death of Ms. Welch.  *See* Docket No. 5.  On May 22, 2009,
following D.C. Superior Court's appointment of Beverly Lynn
Barrow – Ms. Welch's daughter and power of attorney – as the
personal representative of the estate with powers that are not
limited, plaintiff's counsel filed a motion to substitute parties
pursuant to Federal Rule of Civil Procedure 25(a)(1).  Docket No.
11.  This Court granted the motion to substitute parties on June
8, 2009.

## II. STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A district court has original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and "is between Citizens of different States."  *Id.* § 1332(a).   "When a plaintiff seeks to remand to state court a case that was removed to federal court, 'the party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court.'"  *RWN Dev. Group, LLC v. Travelers Indem. Co. of Conn.*, 540 F. Supp. 2d 83, 86 (D.D.C. 2008) (quoting *Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the West*, 366 F. Supp. 2d 33, 36 (D.D.C. 2005)).

"Because of the significant federalism concerns involved, this Court strictly construes the scope of its removal jurisdiction."  *Breakman v. AOL, LLC*, 545 F. Supp. 2d 96, 100 (D.D.C. 2008)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)).  Therefore, "[a]ny doubts as to whether federal jurisdiction exist must be resolved in favor of remand."  *RWN Dev. Group*, 540 F. Supp. 2d at 87 (citing cases); *see also,*

3

*e.g., Breakman*, 545 F. Supp. at 101 ("'[I]f federal jurisdiction is doubtful, a remand to state court is necessary.'" (quoting *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 815-16 (4th Cir. 2003) (en banc)); *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003) ("Where the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand.").  If the removing party cannot meet its burden, the court must remand the case.  *See, e.g.*, *Reed v. Alliedbarton Sec. Servs., LLC*, 583 F. Supp. 2d 92, 93 (D.D.C. 2008); *Johnson-Brown*, 257 F. Supp. 2d at 177.

## III. **LEGAL ANALYSIS**

### A.   **Ms. Barrow Has Been Substituted for Ms. Welch as Plaintiff in this Action**

As a threshold issue, defendant argues that the motion to remand is not properly before the Court and should be stricken or otherwise dismissed.  Opp'n Br. at 4-6.  Hercules argues that the motion to remand was improperly filed because Ms. Welch was deceased at the time of the filing and Ms. Barrow had not yet been substituted as plaintiff.  *Id.*  While defendant is correct in its assertion that at the time the motion to remand was filed no party had yet been substituted for decedent, this has since been remedied.  On June 8, 2009, the Court granted plaintiff's motion to substitute parties.  *See* June 8, 2009 Minute Order ("Beverly Lynn Barrow, the power of attorney of Olga Welch, and

now, the personal representative of the Estate of Mrs. Olga Welch ('Mrs. Welch') is substituted for Mrs. Welch as the plaintiff in this action."); *see also* Fed. R. Civ. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party."). Accordingly, pursuant to D.C. Code § 12-101, Ms. Barrow may pursue this action on Ms. Welch's behalf. *See* D.C. Code § 12-101 ("On the death of a person in whose favor or against whom a right of action has accrued for any cause prior to his death, the right of action, for all such cases, survives in favor of or against the legal representative of the deceased."). In view of the fact that Ms. Barrow has been substituted for the decedent as plaintiff in this action,[2] it would be a waste of judicial resources for the Court to strike the motion to remand and order it to be refiled. Therefore, in the interest of judicial economy, the Court will address the underlying issue of subject matter jurisdiction, which has been fully briefed by the parties and is properly before the Court.[3]

---

[2]  Ms. Barrow has been an active participant in the litigation from the beginning. The complaint was signed by Ms. Barrow as "Power of Attorney of Olga Welch." Compl. at 23.

[3]  The D.C. Circuit has instructed that "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court *must* remand the case . . . ." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002)(emphasis added)(citing 28 U.S.C. § 1447(c)). Having reviewed the record and determined that the Court lacks subject matter jurisdiction, this Court is obligated to remand the case to D.C. Superior Court. *Cf. Reed*,

**B.   Hercules Has Not Carried its Burden of Establishing
that the Amount in Controversy Exceeds the Statutory
Minimum of $75,000**

Plaintiff argues that this case should be remanded to D.C.
Superior Court because defendant has failed to establish that the
amount in controversy in this action exceeds the statutory
minimum required by 28 U.S.C. § 1332(a).[4]  As the removing party,
defendant bears the burden of establishing that plaintiff's
unspecified "compensatory damages" exceed $75,000, exclusive of
interests and costs.  *See, e.g.*, *RWN Dev. Group*, 540 F. Supp. 2d
at 86 (explaining that after a case is removed to federal court,
"the party opposing a motion to remand bears the burden of
establishing that subject matter jurisdiction exists in federal
court" (internal quotation marks omitted)).[5]

---

*583 F. Supp. 2d* at 93 (*sua sponte* remanding a case upon its
determination that the defendant had failed to establish that the
amount in controversy exceeded $75,000).

[4]  Plaintiff does not challenge that diversity of citizenship
exists in this action.  The Court will therefore assume without
deciding that this statutory requirement has been satisfied.

[5]  The D.C. Circuit has not yet addressed what standard the Court
should apply in assessing the adequacy of a defendant's showing
that the amount-in-controversy requirement is satisfied when, as
here, the plaintiff does not plead a specific amount of damages
in the complaint.  While some courts have required a defendant to
show to a "legal certainty" that the amount in controversy
exceeds $75,000, the more recent trend is to require the
defendant to prove by a preponderance of the evidence that the
statutory jurisdictional threshold is met.  *See generally* 14C
Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal
Practice & Procedure* § 3725 (discussing the "numerous different
standards" that courts have employed to assess the adequacy of a
defendant's showing of amount in controversy and providing an
exhaustive overview of cases).  The Court need not choose between

Defendant first argues that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is met because "if Ms. Welch prevails on her claims, the amount of her recovery and the costs of Hercules' compliance with the judgment will, more likely than not, exceed $75,000.00." Opp'n Br. at 10. In support of this argument, defendant relies on a settlement demand that plaintiff submitted to Hercules a month before filing this action. *See* Docket No. 8, Ex. E. In this demand ("Plaintiff's Settlement Demand"), plaintiff agreed to settle her claims for $50,628. *See id.* Plaintiff's Settlement Demand was based on Ms. Welch's alleged overpayment of rent for forty-nine months (totaling $20,628), as well as $30,000 in compensatory damages "for the costs of medical treatment for allergic rhinitis and vasomotor rhinitis, the destruction of her personal property, the loss of enjoyment of her apartment because of the conditions in her apartment, and the physical and emotional distress she suffered." *See id.* Defendant argues that even though Plaintiff's Settlement Demand was $24,372 less than the statutory minimum, the actual amount in controversy is greater than $75,000 because plaintiff's complaint contains additional allegations that were not included in Plaintiff's Settlement Demand. Specifically, defendant argues that: (i) "Ms. Welch's lawsuit claims damages for alleged injuries that continued at least until the date of filing, and

---

these different standards, however, because the Court finds that defendant has failed to satisfy its burden under either standard.

some of the alleged injuries were pled as continuing indefinitely"; (ii) "Ms. Welch's lawsuit includes claims for items of damages that were not addressed in her settlement agreement, specifically 'costs incurred for inspections of the property' and 'moving and storage costs' and attorney's fees"; and (iii) "Ms. Welch's lawsuit asks the Court to 'enjoin Hercules from further interference with Plaintiff's use and enjoyment of the Apartment." Opp'n Br. at 11-12.  None of these arguments establishes that the amount in controversy is greater than $75,000.

First, with respect to the continuing nature of plaintiff's claims, defendant has not provided the Court with a means by which to estimate the cost of any "continuing injuries" suffered by plaintiff.  The fact that plaintiff requests compensatory damages for "the personal injury and emotional distress Plaintiff has and continues to suffer," Compl. at 21, is insufficient to establish that the amount in controversy is met.  *See Blue v. Fremont Inv. & Loan*, 584 F. Supp. 2d 10, 12 (D.D.C. 2008) (rejecting defendant's argument that plaintiff's request for "unspecified damages for 'mental anguish,' 'embarrassment, humiliation and emotional distress,' 'statutory damages,' among fees, interest and treble damages" was sufficient to establish that the amount-in-controversy requirement was met, stating that

"[t]he allegations provide the Court with no basis from which to find an amount in controversy exceeds $75,000").

Second, with regard to plaintiff's claims for damages that were *not* addressed in Plaintiff's Settlement Agreement, defendant relies on an expert report which estimates these costs at $7,800. *See* Opp'n Br. at 11-12. Assuming *arguendo* that this value is accurate, defendant has still failed to establish that the amount in controversy is greater than $75,000.

Third, with respect to injunctive relief, defendant has put forth no evidence regarding what it would cost to repair plaintiff's apartment. *See Wexler v. United Air Lines*, 496 F. Supp. 2d 150, 153 (D.D.C. 2007) ("The value of injunctive relief for determining the amount in controversy can be calculated as the cost to the defendant."). Defendant's self-serving, conclusory statement that "the cost for effecting Ms. Welch's requested repairs . . . would more than exceed the amount in controversy requirement for federal jurisdiction," Opp'n Br. at 12, is simply insufficient to satisfy the statutory requirements of 28 U.S.C. § 1332(a). *See Wexler*, 496 F. Supp. 2d at 154 (characterizing the defendant's statement that its compliance with an injunction would cost more than $75,000 as a "non-existent evidentiary showing" that was "insufficient to meet [its] burden to establish the existence of federal subject matter jurisdiction," and explaining that the defendant should have

submitted supporting declarations or affidavits from its employees estimating the cost of complying with plaintiff's requested relief); *cf. Reed*, 583 F. Supp. 2d at 94 (defendant failed to establish that the amount in controversy exceeded $75,000, where the only evidence was an "unsubstantiated allegation" that the plaintiff had made a settlement demand "well in excess of $75,000"); *RWN Dev. Group*, 540 F. Supp. 2d at 90 ("Although the defendant relies on the projection of the plaintiffs' in the Underlying Suits that their damages exceed $75,000, absent any supporting evidence to substantiate the asserted value of those claims reduces them to nothing more than pure speculation.").

Finally, defendant argues that the amount in controversy is greater than $75,000 because plaintiff's counsel was unwilling to stipulate that the amount of damages sought by plaintiff was less than $75,000. Opp'n Br. at 13-15. Hercules contends that because plaintiff was unwilling to stipulate to the amount in controversy, "it is clear that the amount in controversy exceeds $75,000, exclusive of costs and interests." Notice of Removal Ex. 1, Decl. of C. Thomas Brown ¶ 7. The Court rejects this circular logic. There are many reasons that a plaintiff would be unwilling to stipulate that its damages were less than $75,000 – particularly where, as here, discovery had not yet commenced. Accordingly, plaintiff's unwillingess to stipulate to the amount

in controversy does not satisfy a removing defendant's burden to establish that the amount in controversy exceeds $75,000. *See, e.g.*, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("[A] refusal to stipulate standing alone does not satisfy [defendant]'s burden of proof on the jurisdictional issue."); *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 917 (W.D. Mich. 2009) ("'Since a defect in subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal.  The burden is on defendants, not the plaintiff, to prove the amount in controversy.  If the Court were to conclude that a plaintiff's refusal to stipulate is sufficient to satisfy that burden, defendants in every removal dispute would force the plaintiffs to choose between stipulating against their future remedies and remaining in federal court.'" (quoting *Dobson v. United Airlines, Inc.*, No. 02-cv-04771, 2002 U.S. Dist. LEXIS 27714 (N.D. Cal. Nov. 25, 2002))).

In sum, because the Court must resolve any ambiguities concerning the propriety of removal in favor of remand, defendant has failed to provide this Court with sufficient evidence to determine that the amount in controversy exceeds the statutory minimum required by 28 U.S.C. § 1332(a).  Consequently, this

Court lacks subject matter jurisdiction.  Plaintiff's motion to
remand is therefore **GRANTED**.

### C.   Plaintiff's Request for Attorneys Fees and Costs is Denied

Under 28 U.S.C. § 1447(c), a court "may require payment of
just costs and any actual expenses, including attorney fees,"
when an action is remanded.  Plaintiff argues that such costs
should be awarded because Hercules' failure to prove to a "legal
certainty" that the amount in controversy exceeds $75,000, "is
contrary to well-settled authority and lacks any legal basis."
Mot. for Remand at 7-8; *see Johnson-Brown*, 257 F. Supp. 2d at 181
(explaining that costs and expenses may be awarded if "the
removing party contradicts well-settled law in attempting to
remove the case to federal court").  In her reply brief, however,
plaintiff concedes that "the D.C. Circuit has not specifically
addressed the standard of proof the defendant must satisfy" and
admits that there is a Circuit split on the issue.  Reply Br. at
3; *see also supra* n.4.  Hercules' removal was therefore not in
contradiction to "well-settled authority."  The Supreme Court has
also counseled that "absent unusual circumstances, attorney's
fees should not be awarded when the removing party has an
objectively reasonable basis for removal."  *Martin v. Franklin
Capital Corp.*, 546 U.S. 132, 141 (2005)(affirming decision not to
award attorneys fees pursuant to § 1447(c)).  Although defendant
failed to put forth sufficient evidence to support its removal,

12

the Court concludes that an award of attorneys fees and costs is not warranted under the circumstances of this case. Accordingly, Plaintiff's request for attorneys fees and costs is **DENIED.**

**IV.   CONCLUSION**

For the reasons set forth above, the Court **GRANTS** plaintiff's motion to remand this action to D.C. Superior Court, where the case commenced. The Court **DENIES** plaintiff's request for attorneys fees and costs. An appropriate Order accompanies this Memorandum Opinion.

**SIGNED:     Emmet G. Sullivan**
**            United States District Court Judge**
**            July 24, 2009**